UNITED STATES of America,
Plaintiff–Appellee,

v.

Thomas W. RICHARDSON,
Defendant–Appellant.

No. 12–10189
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 29, 2012.

Damon W. Taaffe, Katie Sue Bagley, Frank Phillip Cihlar, Esq., Senior Counsel, Gregory Victor Davis, Attorney, U.S. Department of Justice Washington, DC, Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

Kevin Joel Page, Federal Public Defender's Office, Dallas, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Thomas W. Richardson appeals the sentence imposed following his conviction for theft of government property and aiding and abetting (Count Eight) and aggravated identity theft and aiding and abetting (Count Thirteen). The district court imposed a within-guidelines sentence of eighty-one months of imprisonment on Count Eight and imposed a statutorily mandated, consecutive two-year term of imprisonment on Count Thirteen.

Richardson argues that the sentence of eighty-one months imposed on Count Eight is substantively unreasonable because it is greater than necessary to achieve the sentencing objectives set forth in 18 U.S.C. § 3553(a). Specifically, he argues that a lower sentence should have been imposed because the ratio of intended loss to unrecovered funds is in excess of 300:1 and because he has an extremely low risk of recidivism.

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006). The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445

(2007). The district court had before it both mitigating and aggravating factors. The district court balanced those factors, and it determined that a sentence at the bottom of the guidelines range was appropriate. We conclude that there is no reason to disturb the presumption of reasonableness in this case. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir.2010).

In assessing the financial harm suffered, the Guidelines direct that the amount used should be the greater of the actual loss or the intended loss. *See United States v. Goss,* 549 F.3d 1013, 1016 (5th Cir.2008); U.S. SENTENCING GUIDELINES MANUAL § 2B1.1 cmt. n. 3(A) (2005). Moreover, at sentencing, the district court rejected Richardson's argument that his sentence is unreasonable because he has a low risk of recidivism.

Richardson also asserts that the sentence violated his rights to an indictment, a jury trial, and proof beyond a reasonable doubt because facts essential to determining the sentence were not alleged in the indictment, proved to a jury beyond a reasonable doubt, or admitted by him. The facts of concern to Richardson are the amount of intended loss and the alleged misrepresentation of income in a bankruptcy proceeding. Richardson concedes that plain error review applies and correctly acknowledges that his argument is foreclosed. This court has repeatedly held that a sentencing judge may find by a preponderance of the evidence all the facts necessary to the determination of a sentencing guidelines range. *See, e.g., United States v. Rhine,* 583 F.3d 878, 891 & n. 50 (5th Cir.2009); *United States v. Stevens,* 487 F.3d 232, 245–46 (5th Cir.2007); *United States v. Johnson,* 445 F.3d 793, 797–98

(5th Cir.2006). Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.